UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA UNION SQUARE L.P., <br><br> Plaintiff, <br><br> v. <br><br> SAKS & COMPANY LLC., <br><br> Defendant. | Case No. 17-cv-1765-HSG <br><br> Re: Dkt. No. 6 <br><br> **ORDER GRANTING MOTION TO REMAND** |
| CALIFORNIA UNION SQUARE L.P., <br><br> Plaintiff, <br><br> v. <br><br> SAKS & COMPANY LLC., <br><br> Defendant. | Case No. 16-cv-04043-HSG <br><br> Re: Dkt. Nos. 33-5 <br><br> **ORDER DISMISSING CASE FOR LACK OF JURISDICTION AND STRIKING DOCUMENT** |

Pending before the Court is Plaintiff California Union Square L.P.'s motion to remand. Case No. 17-cv-1765, Dkt. No. 6. Having read the parties' papers and carefully considered their arguments, the Court finds the matter appropriate for decision without oral argument, *see* Civil L.R. 7-1(b), and **GRANTS** Plaintiff's motion for the reasons stated below.

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" to federal court. 28 U.S.C. § 1441(a). The Ninth Circuit has held that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Because of this "strong presumption against removal jurisdiction," a defendant "always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted).

28 U.S.C. § 1332(a)(1) establishes federal jurisdiction over cases in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. "The presence of [a] nondiverse party automatically destroys original jurisdiction: No party need assert the defect. No party can waive the defect or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." *Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381, 389 (1998). Plaintiff contends that this Court has no jurisdiction over Case No. 17-cv-1765, and must remand the case to state court, because complete diversity is lacking. *See* Case No. 17-cv-1765, Dkt. No. 6 at 7. The Court agrees.

Plaintiff submitted the affidavit of William A. Molinski, an attorney at Orrick, Herrington & Sutcliffe LLP, and Plaintiff's counsel of record, describing Plaintiff's corporate structure. *Id.* Dkt. No. 6-2. Plaintiff is a limited partnership. *See id.*, Dkt. Nos. 6-2 ¶¶ 12, 13, 6-3, Ex. L. Plaintiff's general partner is California Union Square LLC, a limited liability company. *Id.* California Union Square LLC's sole and managing member is DB Immobilienfonds 13 California L.P., a limited partnership. *Id.* Dkt. Nos. 6-2 ¶¶ 12, 14, 6-3, Ex. M. DB Immobilienfonds 13 California L.P.'s general partner is IC Associate LLC, a limited liability company. *Id.* Dkt. Nos. 6-2 ¶¶ 12, 15, 6-3, Ex. N. IC Associate LLC's sole and managing member is GSS Holdings (IC Associate), Inc., a New York corporation with its principal place of business in New York. *Id.* Dkt. Nos. 6-2 ¶¶ 12, 16-19, 6-3, Exs. O, P, Q. Because partnerships and limited liability companies are "citizen[s] of every state of which [their] owners/members are citizens," Plaintiff is a citizen of New York. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant is a limited liability company. *See* Case No. 17-cv-1765, Dkt. No. 1 ¶ 10. Its sole member, Saks Incorporated, is incorporated in Tennessee with its principal place of business in New York. *Id.* Defendant is therefore also a citizen of New York, and thus there is no diversity jurisdiction.

The Court accordingly **GRANTS** Plaintiff's motion to remand Case No. 17-cv-1765. Plaintiff's request for attorneys' fees and costs incurred as a result of the removal under 28 U.S.C. § 1447(c) is **DENIED**: Plaintiff's contribution to the confusion surrounding diversity jurisdiction in this action was substantial, to include a complete reversal from the position it took initially in

Case No. 16-cv-4043.

The Court also **DISMISSES** Case No. 16-cv-4043 for lack of subject matter jurisdiction, because complete diversity does not exist in that case either, for the reasons described above.[1]

Finally, the Court **STRIKES** Dkt. No. 33-5 in Case No. 16-cv-4043, because that document contains confidential business information, trade secrets, and market research. Because the case is being dismissed for lack of jurisdiction, the Court finds good cause not to require the refiling of a redacted version of the document.

It is **ORDERED** that Case No. 17-cv-1765 is remanded under 28 U.S.C. § 1447(c) to San Francisco County Superior Court. The Clerk of this Court is directed to remand the case forthwith and close the case. The Clerk is also directed to close Case No. 16-cv-4043.

**IT IS SO ORDERED.**

Dated: 5/23/2017

*Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] While the petition in Case No. 16-cv-4043 sought the appointment of an arbitrator under 9 U.S.C. § 5, diversity was cited as the basis for this Court's jurisdiction. *See* Case No. 16-cv-4043, Dkt. No. 1 ¶ 6. Moreover, the Court understands that the sole issue raised in that case—whether the Court should appoint an arbitrator—has been rendered entirely moot by the completed arbitration that is the subject of Case No. 17-cv-1765.

3